IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY W. ARMSTRONG,             No. CIV S-09-2912-LKK-CMK

      Plaintiff,

  vs.                            FINDINGS AND RECOMMENDATIONS

GERALD C. BENITO,

      Defendant.

_____/

         Plaintiff, proceeding in pro per, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1), motion for service of complaint (Doc. 6), and motion for default judgment (Doc. 6).

         The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B) and

1

1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.  Because plaintiff, who is no longer incarcerated, has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2).

**I. PLAINTIFF'S ALLEGATIONS**

Plaintiff alleges Shasta County District Attorney, Gerald C. Benito, deprived him of his constitutional rights by denying him access to legal documents, violating California Penal Code 1054.1, failing to disclose legal documents, and denying Plaintiff his right to redress grievances.  It appears that Plaintiff's claims surround a criminal prosecution wherein Plaintiff claims he was not provided with exculpatory documents to help with his defense thereto.

**II. DISCUSSION**

Plaintiff's claims are vague and unclear.  While it appears he is claiming Defendant failed to turn over exculpatory documents during some criminal proceeding against Plaintiff, he does not specify what documents should have been produced or how the failure to do so violated his constitutional rights.  Presumably, he is arguing that Defendant's failure to provide exculpatory documents violated the requirements of Brady v. Maryland, 373 U.S. 83 (1963).  However, such vague allegations are insufficient to meet the pleading requirements, as discussed above.

To the extent Plaintiff is claiming the failure to disclose exculpatory evidence during his criminal trial, such claims appear to be a challenge to the validity of a criminal conviction. Claims challenging a criminal conviction are properly raised in a petition for writ of habeas corpus, not a civil right action. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam).

Finally, the only defendant to this action is the District Attorney of Shasta County. Prosecutorial immunity protects eligible government officials when they are acting pursuant to their official role as advocate for the state. See Imbler v. Pachtman, 424 U.S. 409, 430 (1976). This immunity extends to actions during both the pre-trial and post-trial phases of a case. See Demery v. Kupperman, 735 F.2d 1139, 1144 (9th Cir. 1984). State prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity. See Kalina v. Fletcher, 522 U.S. 118, 123-25 (1997). The claims raised herein appear to relate to Defendant's action during a criminal prosecution. As a state prosecutor, Defendant would be immune under the Eleventh Amendment for such actions. Thus, while Plaintiff may challenge Defendant's conduct as it relates to the validity of his conviction in a petition for writ of habeas corpus, such claims cannot survive in a civil rights action.

### III. CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that Plaintiff's complaint be dismissed for failure to state a claim upon which relief can be granted, and all other pending motions be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days

after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 25, 2010

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE