# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY W. ARMSTRONG, | No. CIV S-09-2912-LKK-CMK |
| Plaintiff, | |
| vs. | ORDER |
| GERALD C. BENITO, | |
| Defendant. | |
| _____/ | |

Plaintiff, proceeding in pro per, brings this civil rights action under 42 U.S.C. § 1983. Because plaintiff is proceeding pro se, this case was assigned to a magistrate judge under Local Rule 302(c)(21) (formerly L.R. 72-302(c)(21)) and 28 U.S.C. § 636(b)(1).

On February 26, 2010, the magistrate judge concurrently granted plaintiff's request to proceed in forma pauperis (Dkt. No. 8) and filed findings and recommendations recommending that the plaintiff's suit be dismissed with prejudice for failure to state a claim (Dkt. No. 7). Plaintiff filed timely objections to these findings and recommendations. These objections are significantly lengthier than the complaint itself, and plaintiff has attached a large number of additional exhibits thereto.

In accordance with 28 U.S.C. § 636(b)(1)(C) and Local Rule 304(f), this court has

1  conducted a <u>de novo</u> review of this case.  Having carefully reviewed the entire file, the court
2  adopts the findings and recommendations in part.

### I. Discussion

On December 8, 2006, plaintiff was charged with a single count of failing to register under Cal. Pen. Code § 290(a)(1)(D).  <u>See</u> Pl.'s Compl., Ex. 8.  The charging document alleged a single prior conviction for purposes of Cal. Pen. Code § 1170.12.  <u>Id.</u>  Plaintiff apparently pled guilty or no contest to this charge on December 20, 2006.  Pl.'s Objs., page 74 of 76 (transcript of state court proceedings).

Plaintiff's complaint alleges that defendant Shasta County District Attorney Gerald C. Benito refused to provide plaintiff with copies of unspecified legal documents relating to criminal proceedings, in violation of Cal. Pen. Code § 1054.1 and the Sixth and First Amendments to the United States Constitution.[1]  Exhibits attached to the complaint indicate that plaintiff served a subpoena on Benito seeking these documents on September 5, 2008, but that he refused to respond to the subpoena on the ground that plaintiff's criminal case had closed.

The magistrate judge recommended dismissing plaintiff's claim on three grounds.  First, he noted that plaintiff the complaint failed to provide notice of the basis for plaintiff's claim, thereby violating Fed. R. Civ. P. 8(a)(2).  The court agrees.  Notably, the court cannot determine whether the allegations of wrongful conduct relate solely to the refusal to respond to the subpoena in 2008, whether plaintiff's claim is also based on failure to disclose documents during the initial criminal proceeding in 2006, or whether the claim is predicated on some other conduct.  The complaint also failed to specify which documents had been withheld, although plaintiff's objections to the findings and recommendations provide this information.  These defects warrant dismissal without prejudice, so as to allow plaintiff a chance to supply the missing information

---

[1] In objecting to the findings and recommendations, plaintiff specifies that these documents are: "case history report out of Siskiyou County, certified abstract of judgment, commitment order out of Siskiyou County for verifications of strikes and true sentence." Objs. at 6 (spelling errors corrected).

1  with an amended complaint.

2        The second and third arguments discussed by the magistrate judge present potentially
3  graver defects. The magistrate judge recommended dismissing plaintiff's claim because the only
4  defendant is a state prosecutor entitled to absolute immunity. See Demery v. Kupperman, 735
5  F.2d 1139, 1144 (9th Cir. 1984) ("prosecutors are absolutely immune from civil suits alleging
6  wrongdoing with regard to post-litigation as well as pre-litigation handling of a case."). As
7  presently pled, plaintiff's section 1983 claim does not overcome this immunity. The magistrate
8  judge took the opinion that this defect warranted dismissal with prejudice, because no
9  amendment could overcome this barrier, citing Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir.
10 2000) (en banc) ("[A] district court should grant leave to amend . . . unless it determines that the
11 pleading could not possibly be cured by the allegation of other facts.") (quotation omitted). This
12 court is not aware of any facts that plaintiff could allege in an amended complaint that would
13 overcome prosecutorial immunity here. Nonetheless, the court is reluctant "to anticipate what
14 theory an ingenious but fair pleader might produce and what constellation of facts might be
15 alleged that might overcome" these hurdles. Doe v. United States (In re Doe), 58 F.3d 494, 497
16 (9th Cir. 1995). Rather than dismiss this pro se complaint without granting even a single
17 opportunity to amend, the court dismisses the complaint without prejudice.

18       Finally, the magistrate judge recommended that "to the extent Plaintiff is claiming the
19 failure to disclose exculpatory evidence during his criminal trial, such claims appear to be a
20 challenge to the validity of a criminal conviction. Claims challenging a criminal conviction are
21 properly raised in a petition for habeas corpus, not a civil right[s] action." Findings and
22 Recommendations at 3 (citing Preiser v. Rodriguez, 411 U.S. 475, 500 (1973), Neal v. Shimoda,
23 131 F.3d 818, 824 (9th Cir. 1997), and Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir.
24 1995) (per curiam)). Preiser, Neal and Trimble all concerned section 1983 claims brought by
25 plaintiffs in custody and seeking release. Here, plaintiff is not currently incarcerated, although it
26 is unclear whether he is on parole. Accordingly, it is unclear whether the plaintiff in this suit

could bring a habeas action. See Nonnette v. Small, 316 F.3d 872, 876 (9th Cir. 2002) (citing Spencer v. Kemna, 523 U.S. 1, 14-16 (1998)) (habeas petition challenging conviction filed while plaintiff was in custody not rendered moot by petitioner's release). If he could not, it is unclear whether the unavailability of a habeas action would enable plaintiff to proceed on a section 1983 claim even if the 1983 claim impugned the original conviction.[2] Because it is unclear whether plaintiff actually intends to challenge the prosecutor's conduct during the initial proceedings (i.e., in 2006), and because any such challenge would (as currently pled) be barred by prosecutorial immunity, the court need not resolve this final issue at this juncture.

Accordingly, the court dismisses plaintiff's complaint for failure to provide notice of the conduct upon which it rests (i.e., the approximate dates of the allegedly unlawful conduct and the documents that were allegedly withheld) and because plaintiff's claims are barred by the doctrine of prosecutorial immunity.

For the reasons stated above, the court ORDERS as follows:

1. The findings and recommendations filed February 26, 2010 are adopted in part, insofar as they are consistent with the above.
2. Plaintiff's complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted.
3. All pending motions, including plaintiff's "Motion for Default Judgment" filed May 10, 2010, are denied as moot; and

////

---

[2] The Ninth Circuit has held that in *certain circumstances* where habeas relief is not available, a section 1983 claim challenging the duration of confinement will lie notwithstanding the rule articulated in Heck v. Humphrey, 512 U.S. 477 (1994). Nonnette, 316 F.3d at 876. Because the Ninth Circuit has spoken on the issue, other Circuits' views are not directly relevant. Nonetheless, the court notes that other Circuits are split. The Second, Fourth, Sixth, Seventh, and Eleventh Circuits join the Ninth Circuit. Huang v. Johnson, 251 F.3d 65, 75 (2d Cir. 2001), Wilson v. Johnson, 535 F.3d 262, 267 (4th Cir. 2008), Powers v. Hamilton County Pub. Defender Comm'n, 501 F.3d 592, 603 (6th Cir. 2007), Carr v. O'Leary, 167 F.3d 1124, 1127 (7th Cir. 1999), Harden v. Pataki, 320 F.3d 1289, 1298-99 (11th Cir. 2003). The First, Third, Fifth, and Eighth Circuits take the contrary view. See Wilson, 535 F.3d at 267 n.6 (collecting cases).

4. Plaintiff is GRANTED 45 days from the date of this order to file an amended complaint.

IT IS SO ORDERED.

DATED: June 22, 2010.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT