IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY W. ARMSTRONG, | No. CIV S-09-2912-LKK-CMK |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| GERALD C. BENITO, | |
| Defendant. | |
| _____/ | |

   Plaintiff, proceeding in pro per, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint (Doc. 16). Plaintiff's original complaint was dismissed, without prejudice, for failure to provide notice of the conduct upon which it rests, and because Plaintiff's claims are barred by the doctrine of prosecutorial immunity.

   In an order adopting the undersigned previous findings and recommendations,[1] the district court stated:

---

[1] The district court agreed with the undersigned's analysis, but found Plaintiff should be provided an opportunity to file an amended complaint in an attempt to cure the defects in his complaint.

1

On December 8, 2006, plaintiff was charged with a single count of failing to register under Cal. Pen. Code § 290(a)(1)(D). See Pl.'s Compl., Ex. 8. The charging document alleged a single prior conviction for purposes of Cal. Pen. Code § 1170.12. Id. Plaintiff apparently pled guilty or no contest to this charge on December 20, 2006. Pl.'s Objs., page 74 of 76 (transcript of state court proceedings).

Plaintiff's complaint alleges that defendant Shasta County District Attorney Gerald C. Benito refused to provide plaintiff with copies of unspecified legal documents relating to criminal proceedings, in violation of Cal. Pen. Code § 1054.1 and the Sixth and First Amendments to the United States Constitution. Exhibits attached to the complaint indicate that plaintiff served a subpoena on Benito seeking these documents on September 5, 2008, but that he refused to respond to the subpoena on the ground that plaintiff's criminal case had closed.

The magistrate judge recommended dismissing plaintiff's claim on three grounds. First, he noted that the complaint failed to provide notice of the basis for plaintiff's claim, thereby violating Fed. R. Civ. P. 8(a)(2). The court agrees. Notably, the court cannot determine whether the allegations of wrongful conduct relate solely to the refusal to respond to the subpoena in 2008, whether plaintiff's claim is also based on failure to disclose documents during the initial criminal proceeding in 2006, or whether the claim is predicated on some other conduct. The complaint also failed to specify which documents had been withheld, although plaintiff's objections to the findings and recommendations provide this information. These defects warrant dismissal without prejudice, so as to allow plaintiff a chance to supply the missing information with an amended complaint.

The second and third arguments discussed by the magistrate judge present potentially graver defects. The magistrate judge recommended dismissing plaintiff's claim because the only defendant is a state prosecutor entitled to absolute immunity. See Demery v. Kupperman, 735 F.2d 1139, 1144 (9th Cir. 1984) ("prosecutors are absolutely immune from civil suits alleging wrongdoing with regard to post-litigation as well as pre-litigation handling of a case."). As presently pled, plaintiff's section 1983 claim does not overcome this immunity. The magistrate judge took the opinion that this defect warranted dismissal with prejudice, because no amendment could overcome this barrier, citing Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) ("[A] district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts.") (quotation omitted). This court is not aware of any facts that plaintiff could allege in an amended complaint that would overcome prosecutorial immunity here. Nonetheless, the court is reluctant "to anticipate what theory an ingenious but fair pleader might produce and what constellation of facts might be alleged that might overcome" these hurdles. Doe v. United States (In re Doe), 58 F.3d 494, 497 (9th Cir. 1995). Rather

than dismiss this pro se complaint without granting even a single opportunity to amend, the court dismisses the complaint without prejudice.

Finally, the magistrate judge recommended that "to the extent Plaintiff is claiming the failure to disclose exculpatory evidence during his criminal trial, such claims appear to be a challenge to the validity of a criminal conviction. Claims challenging a criminal conviction are properly raised in a petition for habeas corpus, not a civil right[s] action." Findings and Recommendations at 3 (citing Preiser v. Rodriguez, 411 U.S. 475, 500 (1973), Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997), and Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam)). Preiser, Neal and Trimble all concerned section 1983 claims brought by plaintiffs in custody and seeking release. Here, plaintiff is not currently incarcerated, although it is unclear whether he is on parole. Accordingly, it is unclear whether the plaintiff in this suit could bring a habeas action. See Nonnette v. Small, 316 F.3d 872, 876 (9th Cir. 2002) (citing Spencer v. Kemna, 523 U.S. 1, 14-16 (1998)) (habeas petition challenging conviction filed while plaintiff was in custody not rendered moot by petitioner's release). If he could not, it is unclear whether the unavailability of a habeas action would enable plaintiff to proceed on a section 1983 claim even if the 1983 claim impugned the original conviction. Because it is unclear whether plaintiff actually intends to challenge the prosecutor's conduct during the initial proceedings (i.e., in 2006), and because any such challenge would (as currently pled) be barred by prosecutorial immunity, the court need not resolve this final issue at this juncture.

Accordingly, the court dismisses plaintiff's complaint for failure to provide notice of the conduct upon which it rests (i.e., the approximate dates of the allegedly unlawful conduct and the documents that were allegedly withheld) and because plaintiff's claims are barred by the doctrine of prosecutorial immunity.

(Order, Doc. 14, at 2-4(footnotes omitted).)

In response, Plaintiff filed an Amended Compliant (Doc. 16). In his amended complaint, which he indicates is to run concurrent with and not supercede his original complaint, he sets forth an analysis of Demery v. Kupperman, 735 F.2d 1139 (9th Cir. 1984). The gist of this argument is that the court misinterprets this case, and that his position is supported by California state law. It appears, however, that Plaintiff's intention is to explain that the court misunderstands his claims, that his claims do not relate to his prior prosecution but rather to the refusal of the defendant to disclose legal documents. This explanation does little to clarify his claims. The only additional facts alleged in his amended complaint which the undersigned can

find, are as follows:

> Plaintiff set forth that on multiple occasions Mr. Benito and the District Attorney's office did willfully deny and derive Plaintiff of his Constitutional right to records retained by the District Attorney's office under 6th Amendment of the United States Constitution under compulsory witness when Plaintiff compelled the records to be brought forth to bear witness on causes that were and are under litigation and that due to the deprivation of these records said case (Armstrong vs. Siskiyou County ) case number 09-0290-JAM-CMK and one appeal case Non. S-180031 Cal. State. Supr. Court. have fallen through due to a lack of substantiating documents held by the District Attorney's office and Mr. Benito that set the definitive word on my record, that has been contaminated out of Siskiyou County Superior Court, leaving me and my causes unresolved and opening Mr. Benito and the District Attorney's office to litigation and opening the way to punitive damages to be left up to the discretion of the court.

(Am. Compl., Doc. 16, at 6-7 (spelling corrected).)

However, Plaintiff fails to cure the defects in his claims as set forth above. Specifically, Plaintiff still fails to actually identify what documents were requested, but refers the court to another case he previously filed in this court, Armstrong v. Siskiyou County, 09cv0290-JAM-CMK, which the court takes judicial notice of.[2] That prior action was dismissed for failure to state a claim as he was attempting to challenge a conviction arising out of Siskiyou County which is not a cognizable claim in a § 1983 action. To the extent Plaintiff is claiming defendant failed to turn over documents relating to his conviction, he has not overcome the protections of prosecutorial immunity, as set forth in the previous orders.[3]

---

[2] The court may take judicial notice pursuant to Federal Rule of Evidence 201 of matters of public record. See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008). Thus, this court may take judicial notice of state court records, see Kasey v. Molybdenum Corp. of America, 336 F.2d 560, 563 (9th Cir. 1964), as well as its own records, see Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967).

[3] The district court determined that the exhibits attached to Plaintiff's objections to the undersigned's prior findings and recommendations specified the documents are "case history report out of Siskiyou County, certified abstract of judgment commitment order out of Siskiyou County for verifications of strikes and true sentence." (Order, Doc. 14, at fn.1). The district court also determined that based on Plaintiff's claims as set forth in his complaint, Plaintiff was unable to overcome the prosecutorial immunity, even with the knowledge of the documents Plaintiff alleges were not provided to him. Plaintiff has not clarified this point any further in his amended complaint.

It therefore appears Plaintiff is either unable or unwilling to cure the defects in his complaint. As such, Plaintiff is not entitled to additional leave to amend prior to dismissal of his complaint. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that Plaintiff's amended complaint be dismissed for failure to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 29, 2010

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE