IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY W. ARMSTRONG,                    No. CIV S-09-2912-LKK-CMK

        Plaintiff,

   vs.                                                    ORDER

GERALD C. BENITO,

        Defendant.

_____/

        Plaintiff, proceeding in pro per, brought this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's request for reinstatement of his complaint (Doc. 27).

        In his latest filing, plaintiff appears to be under the mistaken belief that this action was never brought to a final resolution. A review of the docket and the orders filed therein, however, reveal that final judgment in this action was entered on December 7, 2010. Plaintiff's amended complaint was dismissed for failure to state a claim upon which relief can be granted. (Docs. 18, 20). Based on the final order dismissing this case, plaintiff filed a notice of appeal on January 4, 2011. That appeal was processed to the Ninth Circuit on January 5, 2011. On March 16, 2011, the Ninth Circuit issued an order affirming this court's final judgment. (Doc. 25).

        Plaintiff seems to indicate his appeal was dismissed as an interlocutory appeal, an appeal based on a non-appealable order rather than a final judgment. It is clear, however, that is

not the case here.  As stated above, final judgment dismissing this action was entered on December 7, 2010, and the appeal was processed a month later, on January 5, 2011.  A review of the Ninth Circuit's order clearly indicates that this court's decision was reviewed and affirmed, and not that the appeal was dismissed as prematurely filed.  The Ninth Circuit specifically states "we summarily affirm the district court's judgement."  (Doc. 25).

Other than his apparent belief that this action was never finalized, plaintiff offers no basis for further review of this case.  Even if this court was to construe plaintiff's filing as a motion for reconsideration under either Federal Rule of Civil Procedure 59(e) or 60, such motion would be untimely.  A motion under Rule 59(e) must be brought no later than twenty-eight (28) days after entry of the judgment; a motion under Rule 60 must be brought within a reasonable time and no later than one year of entry of judgment.  Final judgment in this case was entered December 7, 2010; plaintiff's current motion was filed December 16, 2011.  The time for filing a motion for reconsideration expired prior to plaintiff's current filing.

This case is closed.  Final judgment has been entered and affirmed on appeal. Plaintiff is advised that any further documents filed in this case will be disregarded and no order will issue in response to future filings.  However, as a one-time courtesy, the Clerk of the Court is directed to provide plaintiff a copy of the Ninth Circuit's March 16, 2011, order affirming this court's judgment in confirmation that this action was brought to final judgment, and that judgment affirmed on appeal.

IT IS SO ORDERED.

DATED: April 11, 2012

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE